**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL STEEL,<br><br>             Petitioner - Appellant,<br><br>  v.<br><br>CHARLES L. RYAN; et al.,<br><br>             Respondents - Appellees. | No. 09-16531<br><br>D.C. No. 2:08-cv-01030-PGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted November 17, 2011
San Francisco, California

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

   Michael Steel appeals from the district court's judgment, dismissing Steel's

habeas petition as untimely.  We have jurisdiction under 28 U.S.C. § 2253, and we

affirm.

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Steel contends that the statute of limitations period for his habeas petition should have been equitably tolled based on new evidence of mental impairment and, thus, that his petition was timely filed. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody has one year from when his state court judgment became final to file an application for a writ of habeas corpus. *Id.* § 2244(d)(1)(A). Because his state judgment became final on June 9, 2005, Steel had until June 9, 2006, to file his federal habeas petition, unless it was equitably tolled.

A petitioner is entitled to equitable tolling of AEDPA's statute of limitations if he shows (1) "'that he has been pursuing his rights diligently,'" and (2) "'that some extraordinary circumstance stood in his way.'" *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The extraordinary circumstance must have been beyond the petitioner's control and must have made it impossible to file the petition on time. *See Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006).

Under *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), a petitioner must first show that his mental impairment was an extraordinary circumstance beyond his control and that it was so severe that either the "petitioner was unable rationally or factually to personally understand the need to timely file" or "unable personally to

2

prepare a habeas petition." *Id.* at 1099–1100. Second, a petitioner must show that he was diligent in pursuing the claims, but that it was impossible under the totality of the circumstances to do so because of his mental impairment. *Id.*

In this case, the district court found that Steel "has not shown extraordinary circumstances beyond his control which made it impossible for him to timely file." Steel alleges only that "[n]either the district court nor the magistrate judge in this case applied the proper legal standard in determining whether Steel was eligible for equitable tolling." Although he alleges that his mental incompetence was an extraordinary circumstance justifying equitable tolling, Steel fails to demonstrate either that his mental incompetence is severe or that it was the cause of his delay in filing. Steel's principal evidence consisted only of inconclusive grade-school and middle-school reports from 1968, 1970, and 1973. Therefore, Steel is not entitled to equitable tolling based solely on his allegations.

Steel's second claim is that his allegation of mental retardation warranted an evidentiary hearing to determine whether equitable tolling applied. A habeas petitioner "should receive an evidentiary hearing when he makes a good-faith *allegation that would, if true,* entitle him to equitable tolling." *Roy*, 465 F.3d at 969 (internal quotation marks omitted). In this case, even if Steel's allegations were true, they would be insufficient to show that he was entitled to equitable

3

tolling because of "a severe mental impairment *during* the filing period."  *See Bills*, 628 F.3d at 1100 (emphasis added).  Steel made no claim regarding his mental state at the time of his guilty plea or his conviction.  He also failed to allege a causal link between his claimed mental incompetence and the delay in filing his federal habeas petition.  Therefore, the district court did not abuse its discretion in denying Steel an evidentiary hearing.

**AFFIRMED.**